IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS VINH QUACH,

    Petitioner,                         No. CIV S-06-2005 MCE DAD P

    vs.

DENNIS SMITH,

    Respondent.                     <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was sentenced in this court and subsequently incarcerated at the McRae Correctional Facility in McRae, Georgia. Petitioner was later transferred to the Atwater Federal Prison Camp in Atwater, California, where he is currently incarcerated.[1] By this petition, petitioner challenges the execution of his sentence rather than the fact of his conviction or sentence.

        On 2005, petitioner pled guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and engaging in monetary transactions in property derived from unlawful activity in

/////

---

[1] The court notes that the Federal Prison Camp in Atwater is within the jurisdiction of the Fresno Division of the Eastern District of California.

1  violation of 18 U.S.C. § 1957(a).  Petitioner was sentenced to concurrent terms of 60 months
2  imprisonment.  The court also made the following recommendations:

> The Court recommends that the defendant be incarcerated at a
> camp facility either in Colorado or in the alternative at Atwater or
> Lompoc, California, but only insofar as this accords with security
> classification and space availability.  The Court also makes the
> additional recommendation that the defendant participate in the
> 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

7  (Pet., Attach. Judgment at 2.)  Petitioner contends that the Atwater prison camp does not offer a
8  substance abuse treatment program or a "RDAP" program as was recommended by the
9  sentencing judge.  Petitioner claims that the Board of Prisons failed to correctly exercise its
10 discretion under 18 U.S.C. § 3621(b).  He seeks a "redesignation" to a halfway house or a
11 community corrections center for the remainder of his sentence.

12         Petitioner asserts that he is not required to exhaust administrative remedies
13 "because he is not challenging the application of the BOP regulations, but their validity, therefore
14 exhaustion would be futile."  (Pet., Attach. at 1.)  Although § 2241 does not specifically require
15 the exhaustion of available remedies before filing petitions for a writ of habeas corpus, the Ninth
16 Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial and
17 administrative remedies before seeking relief under § 2241."  Castro-Cortez v. I.N.S., 239 F.3d
18 1037, 1047 (9th Cir. 2001) (citations omitted), abrogated in part on other grounds by Fernandez-
19 Vargas v. Gonzales, ___ U.S. ___, 126 S. Ct. 2422 (2006).  The requirement may be waived in
20 limited circumstances because it is not a jurisdictional prerequisite.  Id., see, e.g. Laing v.
21 Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of
22 exhaustion requirement may be appropriate).

23         Here, petitioner asserts in conclusory fashion that the exhaustion of administrative
24 remedies would be futile.  Petitioner has not sought any administrative review of his Atwater
25 Prison Camp designation and does not explain why pursuing administrative remedies would be
26 futile.  Title 18 of the United States Code, Section 3621(b) provides:

>	(b) Place of imprisonment. - - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering - -
>	(1) the resources of the facility contemplated;
>	(2) The nature and circumstances of the offense;
>	(3) the history and characteristics of the prisoner;
>	(4) any statement by the court that imposed the sentence - -
>	   (A) concerning the purposes for which the sentence or imprisonment was determined to be warranted; or
>	   (B) recommending a type of penal or correctional facility as appropriate; and
>	(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28.
>	   In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition or substance addiction or abuse.

The court does not find that exhaustion of administrative remedies would be futile as petitioner has made no allegations that the BOP has specific regulations or policies that are preventing or interfering with petitioner's placement in an appropriate facility. Therefore, the court will recommend that this action be dismissed without prejudice for failure to exhaust administrative remedies.[2] Following the exhaustion of remedies, petitioner may file a new petition with the Fresno Division of the U.S. District Court for the Eastern District of California if he remains incarcerated at the Atwater Federal Prison Camp.

/////

/////

---

[2] The Bureau of Prisons has an administrative remedy procedure which allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. See also 28 C.F.R. §§ 542.13 to 542.15.

3

1    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust administrative remedies.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
quac2005.156

4